UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | )  |
|---|---|
| UNITED STATES OF AMERICA   ) | CRIMINAL NO. 04-10020-RWZ |
| | ) |
| v. | ) |
| | ) |
| MICHAEL HOWARD | ) |
| ) | |

GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION TO MODIFY HIS SENTENCE

The government hereby opposes the defendant's "Motion to Modify Component of Defendant's Terms of Judgment Requiring Electronic Monitoring", in which the defendant contends that he should be removed from electronic monitoring so that he can "travel and work in a manner flexible enough to perform the duties of his job in order to make real estate sales in a manner and at a pace necessary to make meaningful restitution payments."  See Defendant's Motion, ¶ 5.  The defendant is scheduled to be removed from electronic monitory on June 29, 2007; that is, approximately three-and-a-half months from now.

The defendants' conclusory assertion that his sentence must be modified so that he can make restitution payments cannot justify the Court's taking the extraordinary step of modifying his sentence nearly two years after it was imposed. The defendant offers no explanation as to how his current conditions of release prevent him from performing his job.

There also is no indication that the defendant took any of the customary first steps to modify his conditions of release to allow him to work.  The defendant makes no mention for instance of any discussion of the matter with his probation officer.  Nor did he ever contact the undersigned Assistant U.S. Attorney.  He essentially has bypassed the usual process and simply wishes the Court to take it on faith that he needs to have his bracelet removed.

The defendant's emphasis in his closing paragraph on his age and lack of criminal history suggests that his motion is really an attempt to re-argue his sentence.  This haven't-I-been-punished-enough argument should be rejected.  The defendant offers the Court no new facts to suggest that the original sentence was wrong.  Indeed, the Court already has given him a break insofar as the Court deviated from the applicable guideline range of 30-37 months to a sentence of eighteen months.  The defendant's unblemished disciplinary record in prison makes no difference; see Def. Mot., ¶ 8, as the defendant appears to have received good time credit toward sentence.

Accordingly, the Court should deny his motion.

>Respectfully submitted,
>
>MICHAEL J. SULLIVAN
>United States Attorney
>
>By:  /s/ Jonathan F. Mitchell
>     Jonathan F. Mitchell
>     Assistant U.S. Attorney

### Certificate of Service

I hereby certify that on March 9, 2007, I caused a copy of the foregoing Opposition to be delivered to Robert A. George, defendant's counsel of record, via the electronic filing system.

>Jonathan F. Mitchell
>Jonathan F. Mitchell