CLOSED, VICTIM

United States District Court
District of Massachusetts (Boston)
CRIMINAL DOCKET FOR CASE #: 1:04-cr-10020-RWZ-1

| | |
|---|---|
| Case title: USA v. Howard | Date Filed: 01/28/2004 |
| | Date Terminated: 06/02/2005 |

Assigned to: Judge Rya W. Zobel

**Defendant**

Michael Howard (1)
TERMINATED: 06/02/2005

represented by Robert A. George
Robert A. George & Associates, PC
77 Newbury Street
Boston, MA 02116
617-262-6900
Fax: 617-262-0046
Email: rgeorgelaw@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Pending Counts**

18:1341 Mail Fraud
(1s-5s)

**Disposition**

The defendant was sentenced to 18 months BOP; 3 years SR; the first 6 months in home confinement with electronic monitoring; DNA sample; Standard Conditions; no firearms; SC; no new credit cards; access to financial information that may be shared; Restitution to CHUBB $445,512.68; $900.00 SA; Judicial; recommendation: Nellis in LV; report date 8/8/05 before noon;

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

18:1341 Mail Fraud; 18:2 Aiding and Abetting
(1-5)

18:1956(a)(1)(B0(i)MONEY LAUNDERING - 18:2 - AIDING AND ABETTING
(6-9)

**Disposition**

Highest Offense Level (Terminated)
Felony

Complaints
None

Disposition

Plaintiff
USA

represented by Jonathan F. Mitchell
United States Attorney's Office
John Joseph Moakley Federal Courthouse
1 Courthouse Way
Suite 9200
Boston, MA 02210
617-748-3274
Fax: 617-748-3960
Email: jonathan.mitchell@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/28/2004 | 1 | INDICTMENT as to Michael Howard (1) count(s) 1-5, 6-9 and Forfeiture Allegations (Cummings, Mary) (Entered: 01/28/2004) |
| 01/28/2004 | 2 | Judge Rya W. Zobel : ORDER entered ORDER REFERRING CASE to Magistrate Judge Judith G. Dein Reason for referral: Full Pretrial as to Michael Howard (Cummings, Mary) (Entered: 01/28/2004) |
| 03/03/2004 |   | Electronic Clerk's Notes for proceedings held before Judge Judith G. Dein :Initial Appearance and Arraignment as to Michael Howard (1) Count 1-5,6-9 held on 3/3/2004.; Dft. pleads not guilty and will proceed with automatic discovery; Dft. is released on personal recognizance; Next status conference is set for 4/14/04 @11:00am. (Court Reporter D.R..) (Quinn, Thomas) (Entered: 03/04/2004) |
| 03/03/2004 | 3 | Judge Judith G. Dein : ORDER entered ORDER Setting Conditions of Release (Quinn, Thomas) (Entered: 03/04/2004) |
| 03/03/2004 | 4 | Judge Judith G. Dein : ORDER entered SCHEDULING ORDER as to Michael Howard Status Conference set for 4/14/2004 11:00 AM in Courtroom 15 before Magistrate Judge Judith G. Dein. (Quinn, Thomas) (Entered: 03/04/2004) |
| 03/03/2004 | 5 | Judge Judith G. Dein : ORDER entered ORDER ON EXCLUDABLE DELAY as to Michael Howard Time excluded from 3/3/04 until 3/31/04. (Quinn, Thomas) (Entered: 03/04/2004) |
| 03/03/2004 | 6 | Judge Judith G. Dein : ORDER entered ORDER Setting Conditions of Release (Quinn, Thomas) (Entered: 03/04/2004) |

| | | |
|---|---|---|
| 04/14/2004 | 8 | Letter from Robert A. George (non-motion) regarding rescheduling of status conference to 2/26/04 as to Michael Howard (Johnson, Jay) (Entered: 04/22/2004) |
| 04/21/2004 | 7 | Judge Judith G. Dein : ORDER entered ORDER ON EXCLUDABLE DELAY as to Michael Howard. Time excluded from 4/14/04 until 4/26/04. The Initial Status Conference has been continued to 4/26/04 at 11:00 A.M. (Dambrosio, Jolyne) (Entered: 04/21/2004) |
| 04/23/2004 | 9 | JOINT MOTION for Excludable Delay from 3/31/04 to 4/14/04 as to Michael Howard by USA, Michael Howard. (Johnson, Jay) (Entered: 04/27/2004) |
| 04/23/2004 | 10 | JOINT MEMORANDUM of the parties re initial status conference by Michael Howard (Johnson, Jay) (Entered: 04/27/2004) |
| 04/26/2004 | | Electronic Clerk's Notes for proceedings held before Judge Judith G. Dein :Status Conference as to Michael Howard held on 4/26/2004: AUSA Mitchell and Attorney George report case status; Next status conference is set for 7/1/04 at 10:00am. (Court Reporter D.R..) (Quinn, Thomas) (Entered: 04/26/2004) |
| 04/26/2004 | 11 | Judge Judith G. Dein : ORDER entered STATUS REPORT as to Michael Howard Status Conference set for 7/1/2004 10:00 AM in Courtroom 15 before Magistrate Judge Judith G. Dein. (Quinn, Thomas) (Entered: 04/27/2004) |
| 04/26/2004 | 12 | Judge Judith G. Dein : ORDER entered ORDER ON EXCLUDABLE DELAY as to Michael Howard Time excluded from 3/31/04 until 4/14/04. Time excluded from 4/26/04 until 7/1/04. Time excluded from 4/26/04 until 7/1/04. (Quinn, Thomas) (Entered: 04/27/2004) |
| 04/26/2004 | | Judge Judith G. Dein : Electronic ORDER entered granting 9 Motion to Exclude as to Michael Howard (1) (Quinn, Thomas) (Entered: 04/27/2004) |
| 07/01/2004 | 13 | NOTICE OF RESCHEDULING as to Michael Howard. Today's Status Conference reset for 7/6/2004 10:30 AM in Courtroom 15 before Magistrate Judge Judith G. Dein. (Dambrosio, Jolyne) (Entered: 07/01/2004) |
| 07/02/2004 | 14 | NOTICE OF RESCHEDULING as to Michael Howard. Status Conference reset for 7/13/2004 10:30 AM in Courtroom 15 before Magistrate Judge Judith G. Dein. (Dambrosio, Jolyne) (Entered: 07/02/2004) |
| 07/13/2004 | | electronic Clerk's Notes for proceedings held before Judge Judith G. Dein :Status Conference as to Michael Howard held on 7/13/2004; John Mitchell for Govt; Robert George for Deft; Govt states nothing new to report; deft states status of case and requests more time;No discovery motions will be filed; discovery letter due by 7/20/04; Scheduling of dispositive motions to take place at the Final status conference scheduled; subject to excludable time; 0 days reported non excludable time; final Status Conference set for 9/8/2004 11:15 AM in Courtroom 15 before Magistrate Judge Judith G. Dein. (Court Reporter digital.) (Simeone, Maria) (Entered: 07/13/2004) |
| 07/13/2004 | 15 | Judge Judith G. Dein : ORDER entered STATUS REPORT as to Michael Howard. Status Conference set for 9/8/2004 11:15 AM in Courtroom 15 before Magistrate Judge Judith G. Dein. (Dambrosio, Jolyne) (Entered: 07/13/2004) |

| | | |
|---|---|---|
| 07/13/2004 | 16 | Judge Judith G. Dein : ORDER entered ORDER ON EXCLUDABLE DELAY as to Michael Howard. Time excluded from 7/1/04 until 9/8/04. (Dambrosio, Jolyne) (Entered: 07/13/2004) |
| 09/08/2004 | 17 | Judge Judith G. Dein : ORDER entered INTERIM STATUS REPORT as to Michael Howard. Status Conference set for 9/30/2004 11:30 AM in Courtroom 15 before Magistrate Judge Judith G. Dein. (Dambrosio, Jolyne) (Entered: 09/08/2004) |
| 09/08/2004 | 18 | Judge Judith G. Dein : ORDER entered ORDER ON EXCLUDABLE DELAY as to Michael Howard. Time excluded from 9/8/04 until 9/30/04. (Dambrosio, Jolyne) (Entered: 09/08/2004) |
| 09/08/2004 | | Electronic Clerk's Notes for proceedings held before Judge Judith G. Dein :Status Conference as to Michael Howard held on 9/8/2004: AUSA Mitchell and Attorney George report current case status and seek additonal time. Next status conference is set for 9/30/04 @ 11:00am. (Court Reporter D.R..) (Quinn, Thomas) (Entered: 09/09/2004) |
| 09/09/2004 | | Attorney update in case as to Michael Howard. Attorney Robert A. George for Michael Howard added. (Quinn, Thomas) (Entered: 09/09/2004) |
| 09/22/2004 | 19 | SUPERSEDING INDICTMENT as to Michael Howard (1) count(s) 1s-5s. (Gawlik, Cathy) (Entered: 09/22/2004) |
| 09/22/2004 | 20 | Judge Rya W. Zobel : ORDER entered ORDER REFERRING CASE to Magistrate Judge Judith G. Dein Reason for referral: pretrial proceedings re: Superseding Indictment as to Michael Howard (Gawlik, Cathy) (Entered: 09/22/2004) |
| 09/29/2004 | 21 | Governments Memorandum Regarding Final Status Conference as to Michael Howard (Johnson, Jay) (Entered: 09/30/2004) |
| 10/19/2004 | 22 | Memorandum regarding The 10/19/04 Arraignment and Status Conference as to Michael Howard (Johnson, Jay) (Entered: 10/19/2004) |
| 10/19/2004 | | Electronic Clerk's Notes for proceedings held before Judge Judith G. Dein :Arraignment as to Michael Howard (1) Count 1s-5s,6-9 held on 10/19/2004, Status Conference as to Michael Howard held on 10/19/2004. Defendant pleads not guilty to all counts. Dispositive motions due by 11/17/04. Case to be reported back to the district judge. Court excludes all time between today's date and 11/17/04. (Court Reporter Digital Recording.) (O'Leary, Dennis) (Entered: 10/20/2004) |
| 10/19/2004 | 23 | Judge Judith G. Dein : ORDER entered FINAL STATUS REPORT as to Michael Howard. (Dambrosio, Jolyne) (Entered: 10/20/2004) |
| 10/19/2004 | 24 | Judge Judith G. Dein : ORDER entered ORDER ON EXCLUDABLE DELAY as to Michael Howard. Time excluded from 9/30/04 until 11/17/04. (Dambrosio, Jolyne) (Entered: 10/20/2004) |
| 12/21/2004 | | NOTICE OF HEARING as to Michael Howard Pretrial Conference set for 1/5/2005 02:00 PM in Courtroom 12 before Judge Rya W. Zobel. (Urso, Lisa) (Entered: 12/21/2004) |
| 01/05/2005 | 25 | MOTION to Exclude Time as to Michael Howard by USA. (Johnson, Jay) |

| | | |
|---|---|---|
| | | (Entered: 01/10/2005) |
| 01/07/2005 | | NOTICE OF HEARING as to Michael Howard Jury Trial set for 4/18/2005 02:00 PM in Courtroom 12 before Judge Rya W. Zobel. Pretrial Conference set for 3/9/2005 02:30 PM in Courtroom 12 before Judge Rya W. Zobel. (Urso, Lisa) (Entered: 01/07/2005) |
| 01/12/2005 | | Judge Rya W. Zobel : endorsedORDER entered granting 25 Motion to Exclude as to Michael Howard (1) (Urso, Lisa) (Entered: 01/12/2005) |
| 02/11/2005 | | NOTICE OF HEARING as to Michael Howard Change of Plea Hearing set for 3/9/2005 02:30 PM in Courtroom 12 before Judge Rya W. Zobel. (Urso, Lisa) (Entered: 02/11/2005) |
| 03/09/2005 | | electronicClerk's Notes for proceedings held before Judge Rya W. Zobel :Change of Plea Hearing as to Michael Howard held on 3/9/2005, Plea entered by Michael Howard (1) Guilty Count 1s-5s,6-9. Sentencing set for 6/2/2005 02:00 PM in Courtroom 12 before Judge Rya W. Zobel. (Court Reporter Catherine Handel.) (Urso, Lisa) (Entered: 03/10/2005) |
| 03/10/2005 | 26 | Judge Rya W. Zobel : ORDER entered. PROCEDURAL ORDER re sentencing hearing as to Michael Howard Sentencing set for 6/2/2005 02:00 PM in Courtroom 12 before Judge Rya W. Zobel. (Urso, Lisa) Modified on 3/11/2005 (Johnson, Jay). (Entered: 03/10/2005) |
| 05/27/2005 | 27 | SENTENCING MEMORANDUM by Michael Howard (Attachments: # 1 part 2)(Johnson, Jay) (Entered: 05/31/2005) |
| 05/31/2005 | 28 | SENTENCING MEMORANDUM by USA as to Michael Howard (Mitchell, Jonathan) (Entered: 05/31/2005) |
| 06/02/2005 | | Electronic Clerk's Notes for proceedings held before Judge Rya W. Zobel :Sentencing held on 6/2/2005 for Michael Howard (1), Count(s) 1s-5s. The defendant was sentenced to 18 months BOP; 3 years SR; the first 6 months in home confinement with electronic monitoring; DNA sample; Standard Conditions; no firearms; SC; no new credit cards; access to financial information that may be shared; Restitution to CHUBB $445,512.68; $900.00 SA; Judicial; recommendation; Nellis in LV; report date 8/8/05 before noon;. (Court Reporter Catherine Handel.) (Urso, Lisa) (Entered: 06/03/2005) |
| 06/02/2005 | 29 | Judge Rya W. Zobel : OrderORDER entered. JUDGMENT as to Michael Howard (1), Count(s) 1s-5s. The defendant was sentenced to 18 months BOP; 3 years SR; the first 6 months in home confinement with electronic monitoring; DNA sample; Standard Conditions; no firearms; SC; no new credit cards; access to financial information that may be shared; Restitution to CHUBB $445,512.68; $900.00 SA; Judicial; recommendation; Nellis in LV; report date 8/8/05 before noon; (Urso, Lisa) Additional attachment(s) added on 7/12/2005 (Urso, Lisa). (Entered: 06/06/2005) |
| 06/02/2005 | 30 | Judge Rya W. Zobel : OrderORDER entered. STATEMENT OF REASONS as to Michael Howard (Urso, Lisa) Additional attachment(s) added on 7/12/2005 (Urso, Lisa). Additional attachment(s) added on 7/12/2005 (Urso, Lisa). (Entered: 06/06/2005) |
| 08/02/2005 | 31 | MOTION to postpone to 9/13/05 his self-surrender dateas to Michael Howard. |

|  |  |  |
|---|---|---|
|  |  | (Urso, Lisa) (Entered: 08/03/2005) |
| 08/03/2005 |  | Judge Rya W. Zobel : endorsedORDER entered granting 31 Motion to Continue as to Michael Howard (1). Self-surrender date now 9/13/05. (placed a copy of this motion in the Marshals box this date) (Urso, Lisa) (Entered: 08/03/2005) |
| 02/25/2007 | 32 | First MOTION to Alter Judgment re: Electronic Monitoring as to Michael Howard. (George, Robert) (Entered: 02/25/2007) |
| 03/09/2007 | 33 | Opposition by USA as to Michael Howard re 32 First MOTION to Alter Judgment re: Electronic Monitoring (Mitchell, Jonathan) (Entered: 03/09/2007) |
| 03/22/2007 |  | Judge Rya W. Zobel : endorsedORDER entered granting 32 Motion to Alter Judgment as to Michael Howard (1). Allowed to the extent that defendant shall be relieved of home detention & electronic monitoring during the hours 7 a.m. to 8p.m. He shall be restricted to his residence with monitoring from 8p.m. to 7a.m. (Urso, Lisa) (Entered: 03/23/2007) |
| 07/24/2007 |  | Certified copies of Indictments and Judgment sent to USDC Nevada as to Michael Howard (Johnson, Jay) (Entered: 07/24/2007) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 08/07/2007 17:27:44 | | | |
| PACER Login: | mh2662 | Client Code: |  |
| Description: | Docket Report | Search Criteria: | 1:04-cr-10020-RWZ |
| Billable Pages: | 4 | Cost: | 0.32 |

UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NO. 04-CR-10020-RWZ

UNITED STATES OF AMERICA,
Plaintiff,

v..

MICHAEL HOWARD,
Defendant.

## MOTION TO MODIFY COMPONENT OF DEFENDANT'S TERMS OF JUDGMENT REQUIRING ELECTRONIC MONITORING

Now comes the defendant Michael Howard, having been sentenced by this Court after his plea of guilty to mail fraud and other related charges on June 2, 2005 to a term of eighteen months to be followed by six months in home confinement with electronic monitoring, hereby requests that this Honorable Court modify the terms of his judgment by removing the requirement of electronic monitoring for the following good and valid reasons:

1. The defendant began serving his sentence on September 13, 2005 at FCI-Taft, located in Taft, California.

2. Mr. Howard was released from custody on or about November 15, 2006 from FCI-Taft to a Las Vegas, Nevada halfway house.

3. The defendant was released to his home from that halfway house on or about December 29, 2006.

4. Mr. Howard is currently working as a licensed Nevada Real Estate Agent at Coldwell Banker in Las Vegas, Nevada in order to pay off the $446,412.68

order of restitution in this matter towards which 10% of his weekly salary is credited.

5. The defendant is satisfactorily completing his terms of release but needs to travel and work in a manner flexible enough to perform the duties of his job in order to make real estate sales in a manner and at a pace necessary to make meaningful restitution payments.

6. Mr. Howard cannot do so while constrained by electronic monitoring conditions currently in place.

7. The defendant will additionally be supervised for another three (3) years by United States Probation and Parole Service.

8. It would be in the interest of justice, recognizing the defendant's age (he will turn 70 years of age on November 7, 2007), his lack of any other criminal record, the satisfactory completion of his sentence thus far (perfect disciplinary record, 156 hours of community service, religious services, educational certificates and achievement and working on the out-crew while incarcerated), the nature of his crime and the circumstances surrounding his situation, to allow this motion to modify the terms of his judgment.

THEREFORE, the defendant Michael Howard asks that this Court modify the terms of his release by eliminating the requirement of electronic monitoring from his remaining sentence.

Dated: February 24, 2007

Respectfully submitted,
**MICHAEL HOWARD**,
By his attorney,

/s/ Robert A. George
———————————
Robert A. George, Esquire
BBO # 189400
Robert A. George & Associates
77 Newbury Street
Suite Four
Boston, Massachusetts 02116
(617) 262-6900

**MOTION NEEDED**

Monday, July 23, 2007, 12:52:44 PM

I am contacting you to see if you can assist on my 'home confinement'. I will outline information that you could decide if there is a possibility of some alteration or release?

As you know, I was released from Taft on November 15, 2006 after serving 15.5 months on an 18-month term. I was released from the half-way house in December '06. I met my PO, Todd Fredlund on January 4, 2007 and signed my 'Home Confinement Program-Participant Agreement' on January 4, 2007 with my PO's signature. According to my sentence, June 29, 2007 was my final day of both home confinement and electronic monitoring (attached). Filed a motion February 24, 2007 and was successful! This was the statement on 'pacer' by her Honor, Judge Rya W. Zobel:

*Judge Rya W. Zobel : endorsedORDER entered granting 32 Motion to Alter Judgment as to Michael Howard (1). Allowed to the extent that defendant shall be relieved of home detention & electronic monitoring during the hours 7 a.m. to 8p.m. He shall be restricted to his residence with monitoring from 8p.m. to 7a.m. (Urso, Lisa) (Entered: 03/23/2007)*

I had my 6-month review with Todd, USPO and I requested to be transfer to California. He informed me that I need to complete my home confinement before he can generate the request! He also stated that he would do it 45-60 days prior to my end date of November 21, 2007! From my perspective, I will be shy 2-weeks of 11-months of home confinement. Todd tells me that the home confinement did not start until May 21, 2007 which is the date I went on the 'curfew' and the phone ID was implemented. From the statement by Judge Zobel, I was relieved of home detention with a new judgment. The date entered was March 23, 2007. Another calculation could be September 23, 2007 would be 6-months from her granted motion. Please note, I have been home every evening by 8:00PM as told to me by Todd. During that time I was told that I could not travel to California to see my grandchildren. In fact, son # 1, Mike's wife became bedridden on an August 10 birth delivery. She began to bleed and their second child was delivered June 22nd. Jake is in an incubator and weighed in at 3lbs 11ounces. We wanted to assist Mike and their 1-year old daughter Emma, but I was denied.

Some facts……

1. Approximately given to the government (restitution)….$5,000 (10% of my RE commissions)
2. Additional 10% from my Social Security…….$377
3. Have not missed a call on the curfew.

Finally, our mortgage payment has increased by $1,000/month! We are facing foreclosure. Son # 2 has a place in California that he is willing to give us. I have employment as well as a substantial less housing payment. Matt has the property for sale and the offer is whatever comes first; a sale on the condo or both my wife & I move in. The market in Palm Springs becomes active after September. The likelihood of the condo being available will diminished especially since I cannot relocate until I complete my 'home confinement' according to my USPO, Todd Fredlund (November 21, 2007).

Bob, I sure appreciate your support.


Sincerely,

Michael F Howard

PROB 61
(10/91)

# HOME CONFINEMENT PROGRAM—PARTICIPANT AGREEMENT

1. I _Michel Howard_ have been placed in the Home Confinement Program. I agree to comply with all program rules set forth in this Agreement, and the instructions of my probation or pretrial services officer. Failure to comply with this Agreement or the instructions of my officer will be considered a violation of my supervision and may result in an adverse action. I agree to call my officer immediately if I have any questions about these rules or if I experience any problems with the monitoring equipment.

2. I will remain at my approved residence at all times, except for employment and other activities approved in advance by my probation or pretrial services officer. Regularly occurring activities are provided for in my written weekly schedule which remains in effect until modified by my officer. I must obtain my officer's advance permission for any special activities (such as doctor's appointments) that are not included in my written schedule.

3. I shall not deviate from my approved schedule except in an emergency. I shall first try to get the permission of my officer. If this is not possible, I must call my officer as soon as I am able to do so. If I call during non-business hours, I will leave a message on my officer's answering machine, including my name, the date, the time, a brief description of the emergency, and my location or destination. I agree to provide proof of the emergency as requested by my officer.

4. While under home confinement supervision I agree to wear a non-removable ankle bracelet which will be attached by my officer.

5. I agree to provide and maintain a telephone, with modular telephone connectors, at my residence and maintain telephone and electrical service there at my own expense.

6. On the line to which the monitoring equipment is connected, I agree to not have party lines, telephone answering machines, cordless telephones, "call forwarding," "Caller ID," "call waiting," and other devices or services that may interfere with the proper functioning of the electronic monitoring equipment.

7. I agree to allow a monitoring device (receiver/dialer) to be connected to the telephone and the telephone outlet at my residence.

8. I acknowledge receipt of receiver/dialer number _____, and transmitter number _____. I understand that I will be held responsible for damage, other than normal wear, to the equipment. I also understand that if I do not return the equipment, or do not return it in good condition, I may be charged for replacement or the repair of the equipment and I agree to pay these costs. I understand that I may be subject to felony prosecution if I fail to return my monitoring equipment.

9. I agree to not move, disconnect or tamper with the monitoring device (receiver/dialer).

10. I agree to not remove or tamper with the ankle bracelet (transmitter) except in a life threatening emergency or with the prior permission of my officer.

11. I agree to allow authorized personnel to inspect and maintain the ankle transmitter and receiver/dialer.

12. I agree to return the receiver/dialer and transmitter to my officer upon demand.

13. I agree that I will not make any changes in the telephone equipment or services at my residence without prior approval of my officer.

14. I agree to provide copies of my monthly telephone bill when requested by my officer.

15. I agree to notify my officer immediately if I lose electrical power at my residence, if I have to remove the ankle bracelet because of an emergency, or if I experience any problems with the monitoring equipment. During non-business hours, I agree to call my officer and leave a message on his/her answering machine including my name, the date, the time, and the nature of my problem. If there is a

PROB 61
(10/91)
Page 2 of 2

    power problem, I agree that I will call and leave another message when the power is restored. I also agree to notify my officer of any problems with my telephone service as soon as I am able to do so.

16. I agree that I will not attempt to use my telephone when the Receiver/Dialer's "Phone Busy" or "Phone Indicator" light is on.

17. I understand that my officer will also use telephone calls and personal visits to monitor my compliance with my approved schedule. When I am at home, I agree to promptly answer my telephone or door. If I fail to answer my telephone or door when I am supposed to be at home, my officer will conclude that I am absent, and in violation of my curfew restrictions.

18. I understand that my officer must be able to contact me at work at any time. If I do not have a job with a fixed location (as in construction work) my officer must be able to locate me by calling my employer and promptly obtaining my work location. I also understand that jobs that do not meet these requirements are not permitted while I am under home confinement supervision. I understand that all job changes must be approved in advance by my officer.

19. I agree to refrain from the excessive use of alcohol or any use of controlled substances unless the controlled substance is prescribed by a licensed medical practitioner.

20. I understand that I will be required to undergo periodic, unscheduled urine collection and testing.

21. I agree to comply with all other conditions of my release and supervision as imposed by the court or U.S. Parole Commission.

22. I understand and agree that all telephone calls from the monitoring contractor to my residence will be tape recorded by the monitoring contractor.

23. I understand that I may be ordered to pay all or part of the daily cost of my electronic monitoring. If so ordered, I agree, as directed by my officer, to pay _____ per day directly to the monitoring contractor.

24. Local Rules (As needed)

    I acknowledge that I have received a copy of these rules and that they have been explained to me. I understand that I must comply with these rules until _____, or until otherwise notified by my probation/pretrial services officer. I further understand that any violations of these rules will also constitute a violation of supervision and may cause immediate adverse action.

_____  _____
(PARTICIPANT)                                                                                         (DATE)

_____  _____
(WITNESS)                                                                                                (DATE)